IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                 CIV 08-602 BB/CEG
                                                    CR 05-105 BB

PABLO J. TAFOYA,

        Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        This matter is before me on Pablo J. Tafoya's (Tafoya) pro se Motion under 28 U.S.C. § 2555 to Vacate, Set Aside, or Correct Sentence and the United States' Response. *See Docs. 37, 42*.[1] In its Response, the United States argues that Tafoya's § 2255 motion should be denied because it was not filed within the one-year statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Id*. I agree, and, for the reasons below, recommend that Tafoya's § 2255 motion be dismissed with prejudice.

### I. Background

        On January 12, 2005, a grand jury returned an indictment charging Tafoya with three counts: (1) possession of a firearm by a felon, (2) assault with a dangerous weapon, and (3) using, carrying, and possessing a firearm in relation to and in furtherance of a crime of violence. *See Doc. 1*. Pursuant to an agreement with the government, Tafoya pled guilty to the third count and the United States moved to dismiss the first two counts. *See Docs. 23, 25, 35*. On November 2, 2005, Tafoya was sentenced to the minimum statutory term of imprisonment of ten

---

[1] All document references are to the underlying criminal case, *United States v. Pablo Jacob Tafoya* 05-cr-105 BB, unless otherwise noted.

years. *See Docs. 33-34*. Tafoya did not file an appeal. On June 23, 2008, Tafoya filed his § 2255 motion.[2] *See Doc. 37*.

## II. Analysis

Motions under § 2255 are subject to a one-year time limitation. *See* 28 U.S.C. § 2255(f); *see also Clay v. United States*, 537 U.S. 522, 522 (2003). Pursuant to the statute, the limitation period begins to run from the latest date of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. "[R]ead in the context of the AEDPA, § 2255's use of 'final' plainly means 'a decision from which no appeal or writ of error can be taken.'" *United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (citations omitted).

In Tafoya's case, the one-year period began running on November 18, 2005, when Tafoya's conviction became final by virtue of the expiration of the ten-day period to file an appeal. *See United States v. Guerrero*, 488 F.3d 1313, 1316 n. 2 (10th Cir. 2007); see also Fed. R.App. P. 4(b)(1)(A)(i) (stating that a notice of appeal must be filed within ten days after the

---

[2] On August 12, 2008, Tafoya wrote the Clerk of the Court indicating that: (i) his address recently changed, (ii) he has "lost control" of important documents relating to his case, and (iii) he has "no idea of the recent status" of his habeas proceeding. *Doc. 7* of 08cv602. As such, I will instruct the Clerk of the Court to send Tafoya his § 2255 motion (Doc. 37) and the United States' Response (Doc. 42) along with my Proposed Findings and Recommended Disposition.

entry of judgment); 4(b)(6) (stating that a judgment is entered when it is entered on the criminal docket); 26(a)(2) (excluding intermediate Saturdays, Sundays or legal holidays if the period is less than eleven days). Thus, since the one-year limitation in AEDPA is calculated using the anniversary date method, *United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003), the deadline for filing a § 2255 motion in this case was November 18, 2006. Tafoya mailed his § 2555 to the Court on June 19, 2008, over 500 days late.

The one-year AEDPA time limit may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) *cert. denied*, 531 U.S. 1194 (2001). Tafoya has the burden of demonstrating that equitable tolling should apply. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). According to the Tenth Circuit, equitable tolling is appropriate in "only rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citation omitted). In this instance, Tafoya has made no showing that equitable tolling should apply to his case. Nor has Tafoya made a showing that the one-year limitation should run from a date other than November 18, 2005. *See* 28 U.S.C. § 2255(f)(2)-(4). Tafoya will, however, have the opportunity to demonstrate in his objections why he should be entitled to equitable tolling or why one of the exceptions listed in 28 U.S.C. § 2255(f)(2)-(4) applies.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice as untimely.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE